Case: 1:22-mj-00163
Assigned To : Harvey, G. Michael
Assign. Date : 7/15/2022
Description: Complaint W/ Arrest Warrant

**STATEMENT OF FACTS**

On Thursday, July 14, 2022, at approximately 6:19 p.m., members of the Violent Crime Impact Team (VCIT) were working the evening tour of duty within the Sixth District in relation to recent offenses involving firearms. Specifically, two individuals were shot in the 2300 block of Pennsylvania Avenue, S.E., on July 4, 2022. Members were patrolling, using marked and unmarked vehicles, in casual attire with outer vest carriers, labeled with Police identifiers clearly labeled in the back and front.

On that day, officers were patrolling the 1200 block of L'Enfant Square S.E., which is approximately .1 of a mile, in close proximity to the 2300 block of Pennsylvania Ave S.E., as noted above. Officers were also aware that the 1200 block of L'Enfant Square S.E., near the bus stop area, is a common narcotics trading post. Dealers often carry firearms to facilitate the protection of their respective drug sales. Additionally, dealers will often keep both narcotics and firearms stashed in parked vehicles nearby so as to have them shielded from law enforcement's view, but nevertheless be close enough for easy access. As investigators were traveling across Penn. Ave. S.E. towards the 1200 block of L'Enfant Square, they observed an individual exit a parked car, and then saw several individuals seated along a fence line behind the parked vehicles.

Officers exited their vehicles to speak with the individuals. Your affiant observed a Don Julio tequila bottle next to two individuals, including a seated individual later identified as Vincent Tyree-Henson ("Henson"). Your affiant advised Henson against drinking in public, as the open bottle of alcohol was in violation of D.C.'s open container of alcohol law. Your affiant further observed a black plastic bag, resting on the ground in front of Henson. The bag was partially open, and in plain view, your affiant could see a clear plastic bag, knotted at the top, containing a sizeable amount of white rocklike substance. In your affiant's training and experience, the packaging and appearance of the bag was consistent with cocaine base, also known as crack cocaine. As a result of this observation, officers secured Henson, and searched the plastic bag.

Inside of the bag was a clear plastic bag, knotted, containing a white rocklike substance. The substance field tested positive for the presence of cocaine, and weighed approximately 19 grams. Also inside of the bag was 1.9 ounces of marijuana, with packaging, a box of sandwich bags, and a black digital scale. The crack cocaine, the packaging, and the scale were evidence of possession with the intent to distribute narcotics. A search of Henson's person further yielded $1,675 in U.S. currency, as well as a Hyundai car key hanging from Henson's pant loop.

Based on the presence of distribution amounts of narcotics, as well as the significant cash found on Henson's person, officers located the Hyundai vehicle (bearing D.C. tag GV1648) several feet away from Henson, parked in the parking lot. Officers unlocked the vehicle and searched it, and immediately found a black Taurus G2C 9mm semi-automatic handgun underneath the driver's seat. The firearm was loaded with 1 cartridge of 9mm ammunition in the chamber and 12 additional cartridges in the magazine. No other person was inside of the vehicle at the time. At the time, while on scene, Henson claimed ownership of the plastic bag and its contents, but claimed he knew nothing about the firearm on the driver's floorboard of the vehicle. A woman later showed up on scene claiming to be Henson's girlfriend. She stated that she was the owner of the vehicle and had given Henson permission to use the vehicle on that day.

Henson was transported for processing and was later interviewed by investigators. During the interview, in which he waived his *Miranda* rights, Henson claimed that his girlfriend had given

him possession of the vehicle several hours earlier, but he knew nothing about the firearm. He further stated that the drugs were for personal use, and that the drugs were "molly". Your affiant knows that in his training and experience, a typical serving of crack cocaine is .1 or .2 grams. 19 grams, on the other hand, equates to 95-190 servings, far more than that needed for personal use. Coupled with the cash and the packaging materials, the possession of the narcotics is more consistent with distribution than personal use.

A criminal history check of Defendant Tyree-Henson revealed that he has prior criminal felony convictions in the Superior Court for the District of Columbia, including Case No. 2018 CF3 018284, where he was sentenced to 14 months (11 months suspended) in one count of felony Threats, and Case No. 2011 CF3 007904, where he was sentenced to a suspended term of incarceration of more than one year in four separate counts (Conspiracy, Robbery, Unauthorized Use of a Motor Vehicle, and Fleeing from Law Enforcement). Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

There are no firearm or ammunition manufacturers in the District of Columbia, thus the firearm and ammunition in this case traveled in interstate commerce.

_____
INVESTIGATOR JAMES JACOBS
METROPOLITAN POLICE DEPARTMENT
PHONE: 484-319-7843

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 15th day of July, 2022.*

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE